IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-00638-CMA-NYW

ARKANSAS RIVER POWER AUTHORITY,

　　Plaintiff/Counter Defendant,

v.

THE BABCOCK & WILCOX POWER COMPANY,
f/k/a BABCOCK & WILCOX POWER GENERATION GROUP, INC.,

　　Defendant/Counter Claimant.

## VERDICT FORM

### ARPA's Third Claim for Relief
### Fraudulent Concealment

**Question No. 1**: Did ARPA prove, by a preponderance of the evidence, that B&W fraudulently concealed that a SNCR system would be insufficient to bring the boiler into compliance with the Contract's emissions guarantees, as set forth in Instruction No. 15?

　　_____ Yes　　　　__X__ No

If you answered "Yes" to Question No. 1, proceed to answer Questions No. 2, 3, 4, 5, and 6. If you answered "No" to Question No. 1, skip Questions No. 2, 3, 4, 5 and 6, and proceed to Question No. 7.

**Question No. 2**: Based on Instruction No. 25, what amount of money did ARPA prove by a preponderance of the evidence is necessary to compensate ARPA for its damages that were caused by B&W's fraudulent concealment?

　　$_____ 

**Question No. 3:** Did B&W prove, by a preponderance of the evidence, that ARPA failed to make reasonable efforts to mitigate its damages, as set forth in Instruction 30?

_____ Yes          _____ No

If you answered "Yes" to Question No. 3, then proceed to Question No. 4. If you answered "No" to Question No. 3, then skip Question No. 4 and proceed to Question No. 5.

**Question No. 4:** By what amount do you reduce ARPA's damages for its failure to mitigate its damages?

$_____

**Proceed to answer Question 5.**

**Question No. 5:** Based on Instruction No. 26, did ARPA prove beyond a reasonable doubt that B&W acted in a fraudulent, malicious, or willful and wanton manner in causing any damages you find that B&W caused to ARPA?

_____ Yes          _____ No

If you answered "Yes" to Question No. 5, proceed to answer Question No. 6. If you answered "No" to Question No. 5, skip Question No. 6, and proceed to Question No. 7.

**Question No. 6:** Based on Instruction No. 26, what is the amount of punitive damages that you award to ARPA?

$_____

**Proceed to Question No. 7.**

### ARPA's Fifth Claim for Relief
**Negligent Misrepresentation**

**Question No. 7**: Did ARPA prove, by a preponderance of the evidence, that B&W negligently misrepresented that until the SNCR system was installed, the boiler would be able to meet the Contract's emissions guarantees while operating at lower loads without the SNCR system, as set forth in Instruction No. 16?

_____ Yes        __X__ No

If you answered "Yes" to Question No. 7, proceed to answer Questions No. 8, 9 and 10. If you answered "No" to Question No. 7, skip Questions 8, 9, and 10, and proceed to Question No. 11.

**Question No. 8**: Based on Instruction No. 27, what amount of money did ARPA prove by a preponderance of the evidence is necessary to compensate ARPA for its damages that were caused as a result of B&W's negligent misrepresentation?

$_____

**Question No. 9**: Did B&W prove, by a preponderance of the evidence, that ARPA failed to make reasonable efforts to mitigate its damages, as set forth in Instruction 30?

_____ Yes        _____ No

If you answered "Yes" to Question No. 9, then proceed to Question No. 10. If you answered "No" to Question No. 9, then skip Question No. 10 and proceed to Question No. 11.

**Question No. 10**: By what amount do you reduce ARPA's damages for its failure to mitigate its damages?

$_____

**Proceed to Question No. 11.**

3

<s>Case No. 1:14-cv-00638-CMA-NYW Document 279 filed 11/21/16 USDC Colorado pg 4 of 6</s>

## ARPA's Sixth Claim for Relief
### Breach of Contract

**Question No. 11**: Did ARPA prove, by a preponderance of the evidence, that B&W breached the contract in any one or more of the following ways:

(a.) B&W failed to engineer and deliver a boiler capable of meeting the flue gas emission guarantees described in Section 40.9 of Exhibit A to the contract, as set forth in Instruction No. 20?

b. B&W failed to provide technical support during commissioning, testing, and tuning of the boiler in satisfaction of obligations under Section 37 of Exhibit A to the Contract, as set forth in Instruction No. 21?

(c.) B&W failed to prepare and implement a Corrective Action Plan fully addressing the deficiencies with the boiler pursuant to Section 29.2 of the Contract, as set forth in Instruction No. 22?

(d.) B&W failed to furnish a boiler that met the auxiliary power guarantee described in Section 40.12 of Exhibit A to the contract, as set forth in Instruction No. 23?

__X__ Yes  _____ No

If you answered "Yes" to Question No. 11, proceed to answer Questions No. 12, 13, 14, and 15. If you answered "No" to Question No. 11, skip Questions No. 12, 13, 14, and 15, and proceed to Questions No. 16 and 17.

**Question No. 12**: Please identify which of the above breaches you found were proved by a preponderance of the evidence [check the appropriate space(s)].



__X__ a.    __/__ b.    __X__ c.    __X__ d.

**Question No. 13**: With respect to each breach you identified in Question No. 12 above, based on Instruction No. 28, what amount of money did ARPA prove by a preponderance of the evidence is necessary to compensate ARPA for damages that were caused as a result of each identified breach?

a.$ 2.19 mil   b.$ _____   c.$ 1.0 mil   d.$ 1.0 mil

**Question No. 14**: Did B&W prove, by a preponderance of the evidence, that ARPA failed to make reasonable efforts to reduce its damages as set forth in Instruction 30?

_____ Yes  __X__ No

4

If you answered "Yes" to Question No. 14, then proceed to Question No. 15. If you answered "No" to Question No. 14, then skip Question No. 15 and proceed to Questions No. 16 and 17.

**Question No. 15:** By what amount do you reduce ARPA's damages?

$ _____

**Question No. 16:** ARPA is not allowed to be compensated more than once for the same damages. Please indicate below whether your damage awards in Questions No. 2, 8, and 13 above, are duplicate awards for the same damages and, if so, what amount(s) is/are duplicated.

_____

_____

**Proceed to Answer Questions 17 and 18.**

### B&W's First Counterclaim for Relief
**Breach of Contract**

**Question No. 17:** Did B&W prove, by a preponderance of the evidence, that ARPA breached the contract by failing to pay B&W the retainage, as set forth in Instruction No. 32?

_____ Yes          __X__ No

**Question No. 18:** Did B&W prove, by a preponderance of the evidence, that ARPA breached its duty of good faith and fair dealing in relation to the Contract by encouraging B&W to spend money engineering, manufacturing, and delivering the 2012 modifications when ARPA did not intend to install those modifications, as set forth in Instruction No. 33?

_____ Yes          __X__ No

If you answered "Yes" to either or both Questions No. 17 and 18, proceed to answer Questions No. 19 and 20. If you answered "No" to both Questions No. 17 and 18, skip Questions No. 19, 20, and 21, and proceed to sign the verdict form.

5

**Question No. 19**: Based on Instruction No. 35, what amount of money did B&W prove by a preponderance of the evidence is necessary to compensate B&W for its damages that were caused as a result of ARPA's breach of contract?

$_____

**Question No. 20**: Did ARPA prove, by a preponderance of the evidence, that B&W failed to make reasonable efforts to mitigate its damages, as set forth in Instruction 36?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

If you answered "Yes" to Question No. 20, then proceed to Question No. 21. If you answered "No" to Question No. 19, then skip Question No. 21.

**Question No. 21**: By what amount do you reduce B&W's damages?

$_____

**Please sign and date this Verdict Form on the lines provided below.**

Dated: 11-21-16

6